By the Court.
I. The judgment of the district court, alone, is before this court for review, in the present proceeding.
By the fourth section of the “ act to regulate the practice of the judicial courts,” passed March 8, 1881, and usually known as the practice act (Swan’s Stats, of 1841, p. 651; 3 Chase’s Stats. 1674), it was provided that an indorser for costs “shall be held and bound for the payment of all the costs that may be adjudged against the plaintiff, both in. the common pleas and supreme court.” This would include only such costs as the defendant might recover of the plaintiff, by the judgment of the court.
By the “ act to regulate the taxation of costs,” passed March 9,1835, this liability was enlarged. The seventh section provided that the indorser for costs, under the provisions of the fourth section of the practice act, “ shall be holden for the. plaintiff’s costs, to his witnesses or other persons entitled to fees from him, whether the plaintiff obtained judgment or not.” (Swan’s Stats, of 1841, p. 406, and Curwen, vol. 1, p. 208.)
This section was repealed by section 106 of the code (S. & C.’s Stat. p. 1133), and the- remainder of the act left still in force (S. & C.’s Stat. p. 643-4-5.)
*481 Prior to the adoption of the code, the liability of a surety for costs was prescribed by sections four and seven of the acts above referred to. On repealing the practice act, and the seventh section of the act of March 9,1885, the code, in section 543, enlarged the liability imposed by section four of the practice act, by embodying so much of section seven of the act of 1835 as extended the benefit of the security to the plaintiff’s witnesses, but omitted the remainder which made provision for other persons entitled to fees from the plaintiff.
The section of the code referred to provides that “ he (the surety) shall be bound for the payment of all costs which may be adjudged against the plaintiff in the court in which the action is brought, or in,any other to which it may be carried, and for the cost of the plaintiff’s witnesses, whether the plaintiff obtain judgment or not.” Erom the terms of this section, especially when viewed in the light of the prior laws from which it is formed, it is clear that, the extent of the liability. of a surety, under the statute, is, for the costs which the defendant may recover against the plaintiff, and for the costs of the latter’s own witnesses, without regard to the judgment that may be rendered.
II. It is claimed by the clerk that the obligation of the surety was invalid, inasmuch as it limited his liability to a specific sum. Without intimating that this point is well taken, it is sufficient here to say, that as the surety paid the obligation, and makes no such question, the clerk can not raise the^inquiry to justify an appropriation of the money contrary to the statute.
III. We do not mean to say that the court of common pleas did not err to the prejudice of the plaintiff in error; but, that judgment she has taken no steps to reverse. It was reversed by the district court, on the petition of the clerk, the present defendant in error, and it is only this judgment of reversal that her present petition in error brings under review before this court.
The judgment of the district court is reversed, and that of the common pleas affirmed.